UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KORY SIJUAN CLAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-1859 CAS |
| ) | |
| JAMES PURKETT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Kory Clay for leave to commence this action without the required filing fee [#2]. There are four plaintiffs named in this case, each of whom is an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC). Plaintiffs bring this action, pro se, under 42 U.S.C. § 1983 for alleged violations of their constitutional rights by employees of ERDCC.[1]

Upon review, the Court notes that only Clay has signed the complaint.[2] Under Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the complaint in order to properly bring this action before the Court. Because plaintiffs are pro se, the Court will order the Clerk to send plaintiffs a copy of the complaint so that they may each sign it and return it to the Court within thirty (30) days. Alternatively, plaintiffs may file an amended complaint instead of signing the original complaint. If plaintiffs file an amended complaint, they are warned that the amended

---

[1] Although it is not clear from the way in which the pleadings are organized, it appears that plaintiffs intended to bring this action jointly. As a result, the Court will construe the complaint to be a single action by all plaintiffs against all named defendants.

[2] However, Clay's signature appears in the middle of the complaint. There are several pages of allegations following his signature.

complaint will take the place of the original complaint and will be the only complaint which this Court reviews. As a result, plaintiffs must include all of the defendants whom they wish to sue in the caption of the complaint and set out specific facts against each of them in the complaint. Failure to do so risks dismissal of one or all defendants.

Each plaintiff must either pay the statutory filing fee of $350.00 or meet the prerequisites of 28 U.S.C. § 1915. In order to meet the prerequisites of 28 U.S.C. § 1915, each plaintiff must file (1) a financial affidavit (CJA Form 23), (2) a motion to proceed in forma pauperis, and (3) a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(1)-(2). Only Clay has filed a motion to proceed in forma pauperis. No plaintiff has filed a financial affidavit or a certified copy of his prison trust fund account statement. Accordingly, the Court will order the Clerk to forward to each plaintiff a financial affidavit form and motion to proceed in forma pauperis form. Each plaintiff shall either (1) file his financial affidavit, motion to proceed in forma pauperis, and certified copy of his prison trust fund account statement within thirty (30) days of the date of this Order; or (2) pay the statutory filing fee of $350.00 within thirty (30) days of the date of this Order. Failure to do so shall result in the dismissal of this case without prejudice.

Finally, plaintiffs Stuart and Militzer have filed separate motions for "Temporary Injunction/Restraining Order." Both motions are unsigned. Under Rule 11, "an unsigned paper shall be stricken unless the omission of the signature is corrected promptly after being called to the attention of the attorney or party." Fed. R. Civ. P. 11(a). Accordingly, the Court will order the Clerk to forward copies of the motions to plaintiffs so that they may be signed and returned to the

Court. If either Stuart or Militzer fails to sign and submit his motion within thirty (30) days, the Court will strike the unsigned motion(s) from the record.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to be issued at this time.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiffs a copy of the complaint, which each plaintiff must sign and submit to this Court within thirty (30) days from the date of this Order; or alternatively, plaintiffs may file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward to each plaintiff a CJA Form 23 financial affidavit, which each plaintiff shall complete and submit to this Court within thirty (30) days from the date of this Order, or else pay the statutory filing fee of $350.00.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward to plaintiffs Stuart, Militzer, and Montgomery each a motion to proceed in forma pauperis form, which plaintiffs Stuart, Militzer, and Montgomery shall complete and submit to this Court within thirty (30) days from the date of this Order, or else pay the statutory filing fee of $350.00.

**IT IS FURTHER ORDERED** that each plaintiff shall submit a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of the complaint within thirty (30) days of the date of this Order, or else pay the statutory filing fee of $350.00.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward to plaintiff Stuart and to plaintiff Militzer each a copy of his motion for "Temporary Injunction/Restraining Order," which

plaintiffs Stuart and Militzer shall sign and submit to this Court within thirty (30) days from the date of this Order or else the unsigned motion(s) shall be stricken.

**IT IS FURTHER ORDERED** that if plaintiffs fail to comply with this Order, then this case may be dismissed, without prejudice, either in whole or in part.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of January, 2007.