## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| KORY SIJUAN CLAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-1859 CAS |
| | ) |
| JAMES PURKETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Kory Clay (registration no. 516775), an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee [Doc. 2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.90. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of

20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $9.50, and an average monthly balance of $0.92. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.90, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

-2-

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by employees of ERDCC. Named as defendants are James Purkett (Superintendent), Joe Hoffmeister (Acting Superintendent I), Bradley Hahn (Sergeant, Correctional Officer II), Randall Beel (Correctional Officer), Broc Gremminger (same), James Miller (same), Rick Garrish (Correctional Caseworker), Matt Schultz (same), and Unknown Chand (Psychiatrist). Plaintiff seeks injunctive and monetary relief.

Plaintiff alleges that defendant Schultz assigned plaintiff to administrative segregation upon his arrival at ERDCC on October 24, 2006. According to plaintiff, Shultz, Garrish, and others conducted hearings on October 26, 2006, November 23, 2003, and December 21, 2006, to determine whether plaintiff should remain in administrative segregation. Plaintiff states that he was assigned to administrative segregation at each hearing. Plaintiff claims that the purported reason for his placement in administrative segregation was that an alleged victim of plaintiff's was housed in the general population. Plaintiff claims that as of the date he filed this lawsuit he had been confined to administrative segregation for sixty-two days. Plaintiff alleges that defendants Purkett and Hoffmeister reviewed and approved Schultz's decision to assign him to administrative segregation.

Plaintiff claims that defendant Hoffmeister, along with "staff and officers," took most of his clothes from him upon his arrival at administrative segregation. Specifically, plaintiff states that Hoffmeister took all his clothes except for one undershirt, one pair of boxer shorts, and one pair of socks. Plaintiff claims that Hoffmeister allows him to change these articles of clothing every three to four days. Plaintiff alleges that the temperature in administrative segregation has been very cold

-3-

and that, as a result of the cold temperature, he has been uncomfortable and has had "symptoms . . . associated with cold weather."

Plaintiff alleges that Hoffmeister has not allowed plaintiff to have adequate toiletries, and as a result, he has developed dandruff and is not able to keep clean.

Plaintiff claims that Purkett causes prisoners to be transferred from ERDCC to other prisons based on their predicted security risk. According to plaintiff, those prisoners with a lower predicted security risk – levels 1 through 3 – are transferred out of ERDCC faster than those with a higher predicted risk – levels 4 and 5. Plaintiff alleges that Purkett has purposefully and "illegally detained Level 5 inmates [at ERDCC] for [up to] 6 months . . . after they had been . . . approved for transfer to a more appropriate facility." Plaintiff also alleges, "It's a very known fact that most Level 5 inmates are black." Plaintiff has not alleged, however, that these alleged transfer delays have caused him any harm.

Plaintiff asserts that the conditions in administrative segregation are unsanitary. Plaintiff further asserts that "the staff has failed to ensure that [the] shower areas are thoroughly cleaned."

Plaintiff says that Purkett and Schultz do not allow prisoners assigned to administrative segregation to purchase large manila envelopes from the canteen. Plaintiff alleges that "[t]here are inmates that need to be able to file their writs, habeas forms, legal papers to lawyers" and that those inmates are hindered by the lack of manila folders. Plaintiff also claims that Schultz refuses to help inmates get their legal papers to the courts.

Plaintiff claims that defendant Hahn has been rude to him and once threatened to use physical force against him. Plaintiff also states that he has occasionally refused to follow Hahn's instructions.

-4-

Plaintiff claims that defendant Beel gave him a conduct violation because he requested medical aid for dizziness, which was caused by untreated high blood pressure. Plaintiff alleges that Beel told him that he could not have any medical care unless he was "bleeding or dying." Plaintiff further alleges that Beel has attempted to coerce plaintiff into signing a "medical withdrawal form" and that he has threatened plaintiff with violence. Plaintiff claims that Beel issued false conduct violations against him for which he was assigned to administrative segregation.

Plaintiff avers that defendant Gremminger issued false conduct violations against him, and as a result, he was placed in disciplinary segregation for ten days.

Plaintiff alleges that defendant Miller falsely accused plaintiff of stealing a rag. Plaintiff claims that, as a result of the false accusation, Garrish removed $2.81 from plaintiff's trust fund account.

Plaintiff claims that he has several medical problems and that he is supposed to be taking the following medications: Diovan HCT (high blood pressure), Clonazepam (seizures and panic disorder), Seroquel (schizophrenia), and Zoloft (depression and anxiety). Plaintiff states he has been taking these medications for more than eight years. Plaintiff alleges that upon his arrival at ERDCC, Dr. Chand immediately took him off of all his prescribed medications. Plaintiff claims that Dr. Chand replaced his medications with Lisinopril (high blood pressure) and Lithium (psychiatric disorders). Plaintiff contends that the new medicines do not treat his symptoms and that they make him sick. Plaintiff claims that Dr. Chand knows about the lack of treatment but will not give plaintiff the correct medications because they cost more than the Lisinopril and Lithium.

## Discussion

### 1. Nonfrivolous Allegations

The allegations that Hoffmeister took plaintiff's clothing and subjected him to cold temperatures in violation of plaintiff's right to be free from cruel and unusual punishment survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. The allegations that Gremminger, Miller, Garrish, and Schultz placed plaintiff in administrative or punitive segregation in violation of his right to due process also survive initial review under § 1915(e)(2)(B). The allegation against Garrish for taking plaintiff's personal property ($2.81) without due process also survives initial review under § 1915(e)(2)(B). Finally, the allegations that Beel and Chand have subjected plaintiff to medical mistreatment in violation of plaintiff's right to be free from cruel and unusual punishment survive review under § 1915(e)(2)(B). As a result, the Court will order Hoffmeister, Gremminger, Miller, Garrish, Schultz, Beel, and Chand to respond to the complaint. 42 U.S.C. § 1997e(g)(2).

### 2. Frivolous Allegations

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Purkett was directly involved in or personally responsible for the alleged violations of his constitutional rights.

-6-

As a result, the complaint is frivolous or fails to state a claim upon which relief can be granted as to Purkett, and the Court shall dismiss the complaint as to Purkett.

The allegations in the complaint against Hahn are frivolous because they do not rise to the level of constitutional violations. As a result, the Court will dismiss the complaint as to Hahn.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he suffered an actual injury to any pending or contemplated legal claim as a result of the lack of manila envelopes or other lack of legal help. As a result, the allegations in the complaint regarding denial of access to the courts are frivolous or fail to state a claim upon which relief can be granted. Further, mere verbal threats are not constitutional violations under § 1983. Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff's claims that Hahn has been rude to him and once threatened him are not actionable under § 1983.

Finally, the Due Process Clause may be implicated when a prisoner suffers a loss of property. If the taking of property by prison officials is intentional, however, and the state provides an adequate postdeprivation remedy, there is no violation of due process. Hudson v. Palmer, 468 U.S. 517 (1984); Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (no due process violation because Missouri prisoner had adequate postdeprivation remedy). Plaintiff has not alleged that he lacks an adequate postdeprivation remedy. Furthermore, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth

Amendment's Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty or property). As a result, plaintiff's allegation that he was unconstitutionally deprived of property in the amount of $2.81 fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Clay's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clay shall pay an initial filing fee of $1.90 within thirty (30) days of the date of this Order. Clay is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Clay fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Hoffmeister, Beel, Gremminger, Miller, Garrish, Schultz and Chand.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Hoffmeister, Beel, Gremminger, Miller, Garrish, Schultz and Chand shall reply to Clay's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

---

[1]Defendants are alleged to be found at Missouri Eastern Reception, Diagnostic and Correctional Center.

-8-

**IT IS FURTHER ORDERED** that the Clerk will not issue process or cause process to issue upon the complaint as to defendants Purkett and Hahn because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claim concerning deprivation of property in the amount of $2.81 is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _____ day of March, 2007.