UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KORY SIJUAN CLAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 4:06-CV-1859 CAS |
| v. | ) |
| | ) |
| JAMES PURKETT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Hoffmeister, Hahn, Beel, Gremminger, Miller, Gerrish and Pultz's motion to dismiss remaining plaintiff Kory Sijuan Clay's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[1] Plaintiff has not filed a response to the motion and the time to do so has passed.

This is a prisoner action pursuant to 42 U.S.C. § 1983. Plaintiff Clay seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.[2] Clay is currently confined at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. Clay alleges that he was placed in administrative segregation for sixty-two days in violation

---

[1] Although defendant Hahn joined in the motion to dismiss, all of plaintiff's claims against defendant Hahn were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), by Memorandum and Order and Order of Partial Dismissal dated March 1, 2007. See Docs. 13, 14. The Court therefore does not further address former defendant Hahn in this opinion. The motion to dismiss is also filed on behalf of a defendant "Matt Pultz." Plaintiff did not name a Matt Pultz as a defendant in this action, but did sue a defendant named "Matt Schultz." Although defendants' motion to dismiss does not state that Matt Pultz is the correct name of named defendant Matt Schultz, but the Court will assume that to be the case for purposes of this opinion.

[2] The claims of plaintiffs Allen Steven Stuart, Shawn Patrick Militzer and Mike Montgomery were dismissed without prejudice pursuant to Federal Rules of Civil Procedure 11(a) and 41(b) by Memorandum and Order and Order of Partial Dismissal dated February 27, 2007. See Docs. 11, 12.

of his due process rights. While in administrative segregation, Clay alleges that his clothing was taken from him, that he was exposed to cold temperatures, and that he has not been provided with adequate medical treatment and necessary prescription medications. Plaintiff has also filed a motion for "temporary injunction/restraining order" and a motion for appointment of counsel.

Defendants move to dismiss on the grounds that (1) plaintiff has failed to exhaust his administrative remedies; (2) the Eleventh Amendment bars plaintiff's claims for damages; (3) plaintiff has failed to state a claim for violation of his due process rights; and (4) defendants are entitled to qualified immunity. For the following reasons, the Court will grant defendants' motion to dismiss and deny as moot plaintiff's motions for injunctive relief and for appointment of counsel.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003).

**Discussion**.

    **A. Administrative Exhaustion**.

The defendants move to dismiss plaintiff's complaint on the basis that plaintiff has failed to exhaust administrative remedies prior to bringing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The defendants state that under the Supreme Court's recent decision in <u>Jones v. Bock</u>, 549 U.S. __, 127 S. Ct. 910, 922-23 (2007), a prisoner must complete the administrative review process in accordance with the procedural rules as defined by the applicable prison grievance procedures in order to properly exhaust administrative remedies.

The defendants state that Missouri has developed a three-step procedure for inmates to internally grieve complaints against the Department of Corrections and its staff, consisting of an informal resolution request ("IRR"), a grievance, and a grievance appeal. <u>See</u> Missouri Department of Corrections Offender Grievance Policy DS-3.2, effective date July 24, 2006 (the "Grievance Policy"), Ex. A to Defs.' Mem. Supp. Mot. to Dismiss. The first step in the procedure is the filing of an IRR. The IRR must be filed within fifteen calendar days of the incident. <u>Id.</u> at 10. If the inmate is not satisfied with the IRR response, he may file an offender grievance. <u>Id.</u> at 16. The offender grievance must be filed within seven calendar days from the date of the IRR response. <u>Id.</u> at 17. Failure to timely file a grievance results in the complaint being abandoned. <u>Id.</u> The last stage of the offender grievance procedure is the grievance appeal. <u>Id.</u> at 19. An inmate must file an appeal within seven calendar days from the date of the offender grievance response to avoid the appeal being abandoned. <u>Id.</u> After the inmate receives the appeal response, the grievance process is considered exhausted. <u>Id.</u> at 21.

The defendants state that plaintiff failed to complete the grievance process for the allegations contained in his Complaint prior to filing suit. Defendants aver that plaintiff has filed a total of sixteen IRRs while incarcerated at ERDCC. See Affidavit of Karen J. Black; Exs. B-Q to Defs.' Mem. Supp. Mot. to Dismiss. Of the sixteen IRRs, defendants state that only five were not resolved by discussion. See Exs. B-F. Of the five IRRs not resolved by discussion, defendants state that four relate to the allegations in Complaint. See Exs. B, D-F. Defendants assert that plaintiff never filed a grievance or grievance appeal for any of the IRRs, and thus did not proceed beyond the first step of the three-step grievance procedure. As such, defendants assert that plaintiff has failed to complete the grievance process and has not exhausted his administrative remedies.

Defendants are correct that Jones v. Bock controls the issue of administrative exhaustion. The Supreme Court held in Jones that to properly exhaust administrative remedies, a prisoner must complete the administrative review process in accordance with the procedural rules as defined by the applicable prison grievance process itself. Jones, 127 S. Ct. at 922-23. Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Id. The Court noted that the level of detail necessary to comply with grievance procedures "will vary from system to system and claim to claim[.]" Id. at 923.

Thus, the Court must examine the grievance procedures established by the Missouri Department of Corrections in order to determine whether plaintiff has exhausted his claims. The affidavit and exhibits submitted with defendants' motion to dismiss establish that plaintiff has only filed IRRs with respect to the claims asserted in this action. Under the Grievance Policy, after the IRRs were not resolved to his satisfaction, plaintiff was required to file a grievance, a grievance appeal, and then receive a response to the appeal, before his claims are deemed exhausted. See Grievance Policy at 10-21. The record is clear that plaintiff has failed to exhaust his claims.

4

In Jones, the Supreme Court stated, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 918-19 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). In the instant case, there are only unexhausted claims. Because plaintiff did not properly exhaust his claims using the available grievance procedure, this case is barred by 42 U.S.C. § 1997e, and must dismissed.

**B. Defendant Chand**.

Plaintiff also asserted claims in this action against defendant Unknown Chand, a doctor who was alleged to have treated plaintiff at ERDCC. Summons and complaint were issued with respect to defendant Chand, but were returned unexecuted with the notation "Deceased. Unserved." See Doc. 15. There is no further indication in the record concerning defendant Chand's status. Plaintiff's claims against defendant Chand should therefore be dismissed without prejudice for failure to comply with Rule 4(m), Fed. R. Civ. P.

**Conclusion**.

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust the necessary administrative remedies with respect to the allegations of his Complaint. As a result, defendants' motion to dismiss should be granted for failure to exhaust administrative remedies. The Court does not reach the other grounds for dismissal asserted by the defendants. Plaintiff's motions for temporary and preliminary injunctive relief and for appointment of counsel should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED**.  [Doc. 24]

**IT IS FURTHER ORDERED** that plaintiff's motions for temporary and preliminary injunctive relief and for appointment of counsel are **DENIED** as moot.  [Docs. 3, 7]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Unknown Chand are **DISMISSED** without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

An appropriate order of dismissal will accompany this memorandum and order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of July, 2007.